IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-06082 |
| SUNG SHIN, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF GROUPON, INC.'S**
**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Groupon, Inc. ("Groupon") files this Emergency Motion for Temporary Restraining Order against Defendant Sung Shin ("Shin") to immediately enjoin Shin from violating his contractual obligations to Groupon and from misappropriating Groupon's trade secret information in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, and the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065 *et seq.* In support thereof, Groupon respectfully states as follows:

1. On November 12, 2021, Groupon filed a Verified Complaint alleging, *inter alia*, Shin had breached his Confidentiality, Intellectual Property and Restrictive Covenants Agreement (the "Agreement") and misappropriated Groupon's confidential information and trade secrets. In violation of the Agreement, Shin accepted a job with Yelp, Inc. ("Yelp"), Groupon's direct competitor, in nearly the same role he held at Groupon. Shin is slated to commence employment with Yelp on November 15, 2021 – thus the urgency of Groupon's Motion herein. By virtue of the nature of his new position with Yelp and Yelp's direct competition with Groupon, Shin threatens to misappropriate Groupon's trade secrets and proprietary and confidential information.

2. To enjoin Shin's inevitable illegal activities, the issuance of a Temporary Restraining Order ("TRO") is proper pursuant to the terms of the Agreement, which provide that in the event of a breach, Groupon shall be entitled to injunctive relief. The issuance of a TRO is also proper pursuant to the DTSA and the ITSA, each of which provides for the injunction of actual or threatened misappropriation. 18 U.S.C. § 1836(b)(3); 765 ILCS 1065/3.

3. To obtain a TRO, Groupon must establish: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted. *Long v. Bd. of Educ.*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). If the court is satisfied these requirements have been met, it must then consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* Finally, the court must also consider how the public's interests would be affected by granting or denying the preliminary relief. *Id.* Here, Groupon is entitled to a TRO because it satisfies all factors.

4. First, the Verified Complaint demonstrates a strong likelihood Groupon will succeed on the merits of its claims for breach of contract and misappropriation of trade secrets under the DTSA and the ITSA.

5. Second, Groupon will suffer irreparable harm in the absence of a TRO, and it has no adequate remedy at law. The nature of Groupon's injuries – misappropriation of its proprietary and confidential information and trade secrets – are entitled to a presumption of irreparable harm, which Shin cannot rebut. The full extent of Groupon's injuries resulting from Shin unlawfully using, divulging, and referencing Groupon's critical trade secrets is not easily ascertainable. It is impossible to foresee exactly the extent of the damages, monetary and otherwise, Groupon will suffer as a result of Shin's inevitable misconduct. Only injunctive relief can adequately protect Groupon.

6. The balance of hardships also weighs in favor of issuance of a TRO because the harm to Groupon in the absence of injunctive relief greatly outweighs the potential harm to Shin. The TRO would merely require Shin to honor his contractual obligations.

7. Finally, the issuance of a TRO would not harm the public interest. Groupon's Verified Complaint demonstrates the restrictive covenants contained in the Agreement are reasonable and enforceable under Illinois law, and therefore not injurious to the public. And, the public interest is served by preventing misappropriation of Groupon's trade secrets.

8. Groupon respectfully requests expedited oral argument on this Emergency Motion for Temporary Restraining Order at the earliest possible time it can be heard. This matter presents a need for immediate relief as Shin's employment with Yelp, Groupon's direct competitor, begins imminently.

WHEREFORE, Groupon, Inc. respectfully requests the Court grant its Emergency Motion for Temporary Restraining Order and issue an Order enjoining Shin as follows:

(a) Shin shall not, for eighteen (18) months following the date of his termination from Groupon, directly or indirectly, manage, operate, consult or participate in the ownership, management, operation or control of, or be employed by, consult with or contract with any entity which is in competition with Groupon in the Geographic Area (as that term is defined in the Agreement) and in positions with responsibilities similar to any position Shin held with Groupon during the twelve (12) months preceding the termination of his employment with Groupon or in which he would have responsibility for and access to confidential information similar or relevant to that which he had access to during the twelve (12) months preceding the termination of his employment with Groupon;

(b) For a period of eighteen (18) months following the date of his termination from Groupon, Shin shall not work for Yelp in any capacity, directly or indirectly, as Shin will misappropriate and disclose and/or use Groupon's trade secrets to Yelp's benefit;

(c) Shin must, at all times henceforth, maintain the confidentiality of all Proprietary Information, as defined in the Agreement, and never disclose such Proprietary Information to any third party, including Yelp and/or any of Yelp's employees, for any reason whatsoever;

(d) Shin shall not misappropriate, use, disclose, or reference any of Groupon's trade secrets pursuant to the Illinois Trade Secrets Act and/or the Defend Trade Secrets Act;

(e) For a period of eighteen (18) months from the date of his termination from Groupon, Shin shall not, directly or indirectly, induce or attempt to induce any merchant, customer, supplier, licensee, or business relation of Groupon to cease doing business with Groupon, or in any way interfere with the relationship between Groupon and any merchant, customer, supplier, licensee, or business relation of Groupon;

(f) For a period of eighteen (18) months from the date of his termination from Groupon, Shin shall not, directly or indirectly, solicit or participate in soliciting the business of any then-current or prospective merchant or customer which was a merchant or customer of Groupon within one year prior to such solicitation, to purchase products or services similar to, or competitive with, the products or services then-offered by Groupon, if Shin had direct contact with the merchant or customer or any confidential information related to such products or services during the twelve (12) months preceding the termination of his employment with Groupon;

(g) For a period of eighteen (18) months from the date of his termination from Groupon, Shin shall not, solely or jointly with others, and directly by his own actions or indirectly by the actions of other people or companies acting on his behalf or at his behest solicit, encourage or take any other action, including but not limited to, using an agent to solicit, which is intended to induce or encourage, or has the effect of inducing or encouraging, any employee or independent contractor/consultant of Groupon to terminate his/her employment with Groupon or to cease providing services to Groupon;

(h) For a period of eighteen (18) months from the date of his termination from Groupon, Shin shall not, solely or jointly with others, and directly by his own actions or indirectly by the actions of other people or companies acting on his behalf or at his behest hire, contract, take away or cause to be hired, contracted or taken away any employee or independent contractor of Groupon;

(i) Award to Groupon its attorneys' fees and costs under the Illinois Trade Secrets Act and the Defend Trade Secrets Act in connection with the instant motion; and

(j) Any additional relief this Court deems equitable and just.

Dated: November 12, 2021

Respectfully submitted,

GROUPON, INC.

By: /s/ Kevin M. Cloutier
One of Its Attorneys

Kevin M. Cloutier (6273805)
Shawn D. Fabian (6310637)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Tel: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
sfabian@sheppardmullin.com