IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:21-cv-06082 |
| ) | |
| v. ) | Honorable Judge Charles P. Kocoras |
| ) | |
| SUNG SHIN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SUNG SHIN'S NOTICE OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2), OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404; AND REQUEST FOR ORDER VACATING TEMPORARY RESTRAINING ORDER**

To:   Kevin M. Cloutier
      Attorney for Plaintiff Groupon, Inc.
      Sheppard Mullin
      70 West Madison Street, 48th Floor
      Chicago, IL  60602-4498

**PLEASE TAKE NOTICE** that on November 23, 2021, at 11:00 AM, or as soon thereafter as counsel may be heard, Counsel for Defendant Sung Shin will present the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), Or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a); and Request for Order Vacating Temporary Restraining Order to the Honorable Judge Charles P. Kocoras in the courtroom usually occupied by him in the United States District Court for the Northern District of Illinois, via teleconference pursuant to the Court's November 16, 2021, Docket Entry (Dkt. #11).

The Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is made on the grounds that this Court does not have jurisdiction over defendant Sung Shin. Groupon cannot meet the high threshold for general jurisdiction because Mr. Shin's contacts with Illinois are not sufficiently extensive and pervasive to approximate physical presence. Moreover, because Groupon's claims arise out of the general relationship between the parties rather

than directly out of the specific contacts between Mr. Shin and the forum state, Groupon cannot meet the threshold for specific jurisdiction, either. Thus, this Court should dismiss Plaintiff's action in its entirety, finding that it lacks jurisdiction over Mr. Shin.

Additionally, Washington State law requires employers who hire residents of the State to comply with codified protections in RCW 49.62. An employer *cannot* force a Washington employee to litigate a noncompete covenant outside of the state. *See* RCW 49.62.050(2). Groupon attempted to circumvent Washington law by filing the instant action in the Northern District of Illinois. Groupon's actions directly contradict the spirit and letter of RCW 49.62, which went into effect January 1, 2020. *See* RCW 49.62.100. Any attempt to enforce the restrictive covenant outside of Washington should be deemed invalid and void.

The Motion to Transfer Venue pursuant 28 U.S.C. § 1404 to is made on the grounds that this case has no connection to this forum and that transfer of this action to the Western District of Washington will serve the interest of justice and enhance the convenience of the parties and witnesses.

Lastly, this Court's Order granting the Defendant's Emergency Motion for a TRO, before hearing from the Defendant, did not maintain the status quo. Notably, Mr. Shin *started his new employment with Yelp* the day after Groupon filed its "Emergency" TRO, on November 15, 2021. Instead, it has forced Mr. Shin to stop working for his new West Coast based employer and has deprived him of both the right to work and the rights conferred upon him by the Washington legislature. Therefore, Mr. Shin respectfully requests this Court to vacate its Order granting Groupon's TRO. (Dkt. No. 11).

///
///
///
///

-3-

This Motion relies upon this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Jesse Wing, the declaration of defendant Sung Shin, the papers on file with the Court, and the arguments of counsel at the hearing on this motion.

Respectfully submitted,

                                            */s/ Jeffrey L. Taren*
                                            Jeffrey L. Taren, Illinois BAR#2796821
                                            MacDONALD HOAGUE & BAYLESS
                                            705 Second Avenue, Suite 1500
                                            Seattle, WA 98104
                                            Phone: (206) 622-1604
                                            Email:    jeffreyt@mhb.com
                                            Attorneys for Defendant, Sung Shin