IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:21-cv-06082 |
| ) | |
| v. ) | Honorable Judge Charles P. Kocoras |
| ) | |
| SUNG SHIN, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF JESSE WING IN SUPPORT OF DEFENDANT SUNG SHIN'S RESPONSE IN OPPOSITION TO PLAINTIFF GROUPON'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER**

I, Jesse Wing, declare the following:

1. I am one of the lawyers who represents Sung Shin in the above-captioned case. I am an attorney and Director with the law firm of MacDonald Hoague & Bayless, in Seattle, Washington, where I have been admitted to practice since 1998 and where I am in active practice.

2. In 1993, I was admitted to the Illinois Bar, ARDC #90784355, but am on Inactive Status, since I am practicing in the state of Washington. I was admitted to the Trial Bar of the United States District Court for the Northern District of Illinois on April 10, 1996. On November 15, 2021, my office contacted the clerk of this Court to re-activate my Trial Bar status and we are waiting to hear back.

3. According to the case docket, on Mr. Shin's last day of employment, on November 12, 2021, Plaintiff Groupon filed the following: (1) a 98-page Verified Complaint; (2) a 5-page Notice of Emergency Motion for Temporary Restraining Order; (3) a 44-page Memorandum of Points and Authorities in support thereof; and (4) a Motion for Leave to File Oversized Brief in Support of its Emergency Motion for Temporary Restraining Order. (Dkt. Nos. 1, 4, 5, 6). On Sunday, November 14, 2021, counsel for Plaintiff Groupon, Inc. served me with the Verified Complaint via electronic mail at about 3:30pm PST/5:30pm CT. A couple of hours later, at approximately 6:32pm PST/8:32pm CT, counsel served the Emergency Temporary Restraining

-2-

Order and accompanying documents also via electronic mail. Groupon did not email or alert me to the lawsuit until after I wrote to Groupon's counsel on Sunday afternoon to memorialize a conversation we had on Friday, November 12, 2021.

4. During the week of November 8, 2021, I had email and telephone communications with Groupon's counsel, Mr. Cloutier, to discuss potential resolution of Groupon's allegations. During these communications, he did not disclose to me specific types of information that it sought to protect, despite my requests for such information. During my phone with Groupon's counsel on Friday, November 12, 2021, he did not notify me that Groupon either just had or was about to file a lawsuit against Mr. Shin.

5. On November 19, 2021, I initiated a call to counsel for Groupon, Mr. Cloutier. I, again, attempted to identify with specificity the alleged confidential information, trade secrets, files, or data that Mr. Shin was prohibited from using in his new employment with Yelp. Mr. Cloutier conceded to me that Groupon does not contend that Mr. Shin took anything from Groupon; rather, that it is trying to prevent him from using Groupon's "playbook" that it believes is "in his head."

6. On November 19, 2021, counsel for Groupon stated that there would be no objection to Mr. Shin's motion for leave to file an oversized brief in opposition to Groupon's TRO.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Dated this 21st day November, 2021, at Seattle, Washington.

                                                                                                            */s/ Jesse Wing*
                                                                                                            Jesse Wing