# EXHIBIT A



**VIA EMAIL:** kcloutier@sheppardmullin.com; sfabian@sheppardmullin.com

November 5, 2021

Kevin Cloutier
Shawn D. Fabian
Sheppard, Mullin, Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602-4498

    Re:    *Groupon's November 3, 2021 letter to Sung Shin*

Dear Mr. Cloutier:

I write on behalf of Yelp in response to Groupon's November 3, 2021 letter to Sung Shin, which you also sent to Yelp's Chief Administrative Officer and General Counsel, regarding Mr. Shin's offer of prospective employment at Yelp.

As outlined below, the non-compete covenant contained in the agreement that you enclosed with your letter is void and unenforceable, and it may also expose Groupon to liability for actual or statutory damages and attorney's fees. Further, Groupon's assertion that Yelp's employment of Mr. Shin "would constitute tortious interference with the Agreement" is similarly incorrect and misguided. Yelp has no interest in receiving any Groupon trade secret or confidential information, and would be happy to work cooperatively with Groupon and Mr. Shin during this interim period—that is, before Mr. Shin begins in his new role at Yelp on November 15, 2021—to ensure that Yelp receives no such Groupon information. To that end, we ask that Groupon identify with reasonable particularity any alleged trade secret or confidential information that concerns it (e.g. by file name or other marker) and describe the basis for any belief that Mr. Shin may continue to have that information in his possession after he leaves Groupon, so that Yelp can evaluate the matter. We ask that Groupon do so by the end of the day on **Tuesday, November 9, 2021** so as not to continue interfering with Mr. Shin's rights to work where he wants.

**Groupon's Unlawful Non-Compete Covenant**

As of January 1, 2020, non-compete covenants that fail to meet certain standards are void and unenforceable as to Washington-based employees or independent contractors. For example, the Revised Code of Washington ("RCW") 49.62.050 provides:

> A provision in a noncompetition covenant signed by an employee or independent contractor who is Washington-based is void and unenforceable:

1

Yelp Inc., 140 New Montgomery Street, San Francisco, California 94105

> (1) If the covenant requires the employee or independent contractor to adjudicate a noncompetition covenant outside of this state; and
> (2) To the extent it deprives the employee or independent contractor of the protections or benefits of this chapter.

The non-compete covenant in Groupon's Confidentiality, Intellectual Property and Restrictive Covenants Agreement purports to require Mr. Shin—a Washington-based Groupon employee—to adjudicate it exclusively in the federal and state courts of Illinois. It also purports to deprive Mr. Shin of the protections of Washington's Noncompete Act. Accordingly, the non-compete covenant is void and unenforceable.

A similar non-compete covenant confronted the court in *CVS Pharmacy, Inc. v. Brown*, No. C21-306 MJP, 2021 U.S. Dist. LEXIS 49450 (W.D. Wash. Mar. 16, 2021). In that case, CVS attempted to enforce a non-compete covenant against a Washington-based executive—one with over a decade of pre-CVS employment experience in the insurance industry—and prevent him from going to work for a purported competitor. According to its terms, the agreement containing the non-compete covenant could only be adjudicated in Rhode Island, under Rhode Island law. The court held that the entire non-compete covenant was therefore unenforceable against the Washington-based executive. *Id.* at *12 ("First, the Court finds that the Washington Noncompete Act renders CVS's noncompete unenforceable because it requires Brown 'to adjudicate a noncompetition covenant outside of' Washington.") Yelp is confident a similar outcome would result if Groupon's non-compete covenant needed to be adjudicated here.

There are also new penalties if an employer asserts a void or unenforceable non-compete covenant against a Washington-based employee. The law provides a private right of action for a person who is party to a non-compete covenant that violates the law, and the state attorney general can pursue action on behalf of any aggrieved individual. *See* RCW 49.62.080. Penalties include the greater of actual damages or a statutory penalty of $5,000, plus reasonable attorneys' fees, expenses, and costs. *Id.* And even if a court or arbitrator decides to partially enforce an unlawful noncompetition covenant, the employer is still subject to the penalties listed above, including reasonable attorneys' fees incurred in the proceeding.

To be clear, I do not intend for this letter to list all the reasons why Groupon's attempt to enforce its non-compete covenant is problematic here, including for reasons beyond Washington's clearly applicable statutes. Enforcement of this non-compete in the "Geographic Area" of the "Globe" would force Mr. Shin out of a job in his chosen profession where he possesses well over a decade of prior experience formed largely before the nine months that he has spent at Groupon. Indeed, Groupon seeks to dictate where and how Mr. Shin works after he leaves Groupon for twice as long (18 months) as he will actually spend working for Groupon. The breadth of the non-compete—effectively worldwide as Groupon would apply it—is grossly disproportionate to the supposed needs Groupon identifies in your letter. And Yelp does not agree with your description of the relationship between Yelp and Groupon or your description of Mr. Shin's job at Groupon and his prospective job at Yelp either. Because the non-compete covenant is void and unenforceable on its face, I hope the parties can transition to more

2

productive communications without needing to exhaustively address the other problems with Groupon's attempt to enforce its non-compete covenant under these circumstances.

**Groupon's Alleged Proprietary Information**

Your letter also mentions paragraph 2 of Groupon's Confidentiality, Intellectual Property and Restrictive Covenants Agreement, which concern "Proprietary Information." Your letter, however, omits: (1) whether Groupon has reason to believe that Mr. Shin may continue to have access to any actual Groupon trade secret or confidential information after he departs Groupon that he would supposedly share with Yelp; (2) the basis for that belief; or (3) a reasonable identification of the alleged trade secret or confidential information.

As you know, Mr. Shin continues to work for Groupon at present, is not a current Yelp contractor or employee, and has no access to any Yelp internal system. Yelp, of course, respects Groupon's intellectual property and has no desire to receive any actual Groupon trade secret or confidential information. To that end, please provide us with any details as to: (1) whether Groupon has reason to believe that Mr. Shin may continue to have such access; (2) the basis for that belief; and (3) a reasonable identification of the alleged trade secret or confidential information—so that Yelp can evaluate as warranted. Since Yelp is informed that Mr. Shin intends for his last day at Groupon to be November 12, 2021, please provide those details by **Tuesday, November 9, 2021**.

*     *     *

I thank Groupon if it is willing to reconsider its heavy-handed and potentially illegal demand that Mr. Shin continue to work for Groupon indefinitely after he communicated his intent to quit, and to instead work with Yelp and Mr. Shin to resolve any concerns Groupon may have about alleged Proprietary Information. If you have any questions or would like to discuss, please contact me at the email address below.

Regards,

*James Daire*

James Daire
Litigation Counsel
Yelp Inc.
140 New Montgomery Street, 9th Floor
San Francisco, CA 94105
jdaire@yelp.com

3