## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GROUPON, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-06082 |
| | ) | |
| v. | ) | Honorable Judge Charles P. Kocoras |
| | ) | |
| SUNG SHIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SUNG SHIN'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2), OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404; AND REQUEST FOR ORDER VACATING TEMPORARY RESTRAINING ORDER**

**PLEASE TAKE NOTICE** that defendant Sung Shin hereby submits the following supplemental authority in support of his Motion to Dismiss, or in the Alternative Transfer of Venue. (Dkt. Nos. 12-16.)

In *LKQ Corp. v. Fengler*, 2012 U.S. Dist. LEXIS 56091, *9 (N.D. Ill. 2012), the employer's covenant not-to-compete contained an Illinois choice-of-law provision. The employee lived in California, and did all his work in California. (*See id.* at *1.) The court found that California had a strong public policy disfavoring non-compete agreements and a materially greater interest in the litigation than did Illinois. (*See id.* at *5.) As a result, the court ruled that California law governed the agreement. (*See id.* at *4.)

In *Brunswick Corp. v. Thorsell*, 2014 U.S. Dist. LEXIS 54874 (N.D. Ill. 2014), an Illinois plaintiff-employer fired and sued a former sales employee who lived in California and had worked for the plaintiff for well over a decade, after an investigation uncovered actual evidence that the defendant had misappropriated trade secret information and breached a non-compete. (*See id.* at *3.) The court determined that venue in the Northern District of Illinois was proper, explaining that: (1) the defendant had traveled to Illinois where he negotiated and signed the

ok211101

-2-

non-compete; (2) the defendant at least partially performed his job in Illinois because "Illinois, specifically, was one of [the defendant's] sales territories"; and (3) the plaintiff had alleged that defendant had actually disclosed trade secrets to its direct competitor and had failed to return a company laptop. (*See id.* at *9-10.)

Respectfully submitted this 21st day of November, 2021.

*/s/ Jeffrey L. Taren*
Jeffrey L. Taren, Illinois BAR#2796821
MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, WA 98104
Phone: (206) 622-1604
Email:    jeffreyt@mhb.com
Attorneys for Defendant, Sung Shin

ok211101