IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-06082 |
| v. | ) |
| | ) Honorable Judge Charles P. Kocoras |
| SUNG SHIN, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Groupon, Inc. ("Groupon"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for entry of an Order permitting Plaintiff to engage in limited discovery on an expedited basis to supplement its recently filed Emergency Motion for Temporary Restraining Order, and to prepare an adequate record in anticipation of its Motion for Preliminary Injunction against Defendant, Sung Shin ("Shin"). In support of its Motion, Groupon states:

*A.  Groupon's Business*

1. Groupon is an online marketplace where multi-location small and enterprise merchants showcase their local offerings to engage with consumers and to earn consumer spend. Merchants advertise their services on Groupon's platform to facilitate consumer engagement and purchasing.

2. Groupon, in turn, targets these small and enterprise merchants for advertising spend. More specifically, Groupon studies merchant-by-merchant analyses of cost per click, cost per impression, and cost per action advertising to curate advertising strategies tailored to merchants' particular advertising needs, obstacles and objectives.

3. Groupon has invested years and substantial resources to provide merchants with these targeted and specialized advertising strategies.

### B. *Shin's Role at Groupon*

4. Defendant Shin served as Groupon's former Vice President – Global Head of Advertising and Ancillary Revenue from March 23, 2021 through November 12, 2021. Although Shin worked at Groupon for a relatively short time, he spearheaded the Company's advertising strategies, on both granular and global levels, and led a team of tens of employees.

5. Shin's role at Groupon was unlike traditional advertising roles focused on the industry's creative components. Instead, Shin's role focused on analyzing the Company's advertising-specific and holistic performance data to mold Groupon's day-to-day and long-term advertising strategies. To this end, Shin studied, learned and analyzed merchant-by-merchant analyses of advertising spend, return on advertising spend and advertising preferences.

6. Groupon also educated Shin on its historical advertising strategies. Throughout his tenure at Groupon, Shin had unfettered access to a wide array of the Company's proprietary data, including merchant revenues, merchant balance sheets and advertising spend by market segment. Groupon also trained Shin on Groupon's specific advertising methodology, including cost per click, cost per impression, and cost per action, as well as the efficacy of each method on a merchant-by-merchant basis.

### C. *The Confidentiality, Intellectual Property, and Restrictive Covenants Agreement*

7. To protect this information from unlawful disclosure, Groupon and Shin entered into a valid and enforceable Confidentiality, Intellectual Property, and Restrictive Covenants Agreement (the "Agreement") prior to Shin commencing employment.

8. The Agreement prohibits Shin from, among other things, working for a Groupon competitor in two particular circumstances: (1) in those positions "with responsibilities similar to any position [he] held with Groupon during the twelve (12) months preceding the termination of [his] employment or relationship with Groupon" or (2) in those positions "in which [he] would have responsibility for and access to confidential information similar or relevant to that which [he] had access to during the twelve (12) months preceding the termination of [his] employment or relationship with Groupon." *See* Cmplt., Ex. A, ¶ 13(a).

### D. *Shin's Employment at Yelp Violates the Agreement.*

9. In direct contravention of these post-employment obligations, Shin has accepted employment with Yelp, Inc. ("Yelp"), a direct Groupon competitor, and in a position Shin himself likened to his role at Groupon. The role also will require Shin access, use and rely upon merchant-by-merchant analyses (*i.e.*, the same kind of confidential information to which he accessed and for which he was responsible at Groupon).

10. At its core, Yelp, like Groupon, is a "marketplace," providing small and enterprise merchants with a platform to engage consumers throughout the purchase cycle and to drive consumer spend. Similar to Groupon, Yelp provides merchants with an advertising platform to showcase their locally driven services to consumers. Groupon and Yelp compete for the *same* merchants' advertising dollars.

11. Thus, in executing his duties as Yelp's Lead Product Management for Yelp's Enterprise and Multi-Location - Yelp Audiences and In-store Measurement Group, Shin cannot help but reference, use, rely upon and disclose Groupon's advertising strategies and the metrics and data from which those strategies are derived.

12. Thus, Shin has and continues to breach the post-employment obligations set forth in the Agreement.

13. By virtue of Shin's employment at Yelp, he also threatens to misappropriate Groupon's trade secret information, as explained above.

14. Shin's wrongful conduct, as fully set forth in Plaintiff's Verified Complaint and Emergency Motion for Temporary Restraining Order, has caused and continues to threaten immediate, substantial and irreparable harm to Groupon.

  **E.**  ***Expedited Discovery is Warranted.***

15. Plaintiff is entitled to a temporary restraining order, and eventually a preliminary injunction, to enjoin Shin's unlawful conduct and its resulting irreparable harm. Expedited discovery will allow the Parties to prepare for hearing on Plaintiff's anticipated Motion for Preliminary Injunction. Expedited discovery also will enable Plaintiff to detail the various bases warranting preliminary injunctive relief.

16. In ruling on motions for expedited discovery, courts in the Seventh Circuit evaluate whether "good cause" exists. *See, e.g.*, *CampaignZERO, Inc. v. StayWoke, Inc.*, 2021 WL 1020987, at *1 (N.D. Ill. Mar. 17, 2021). Good cause may be shown in cases, such as this one, which involve a request for preliminary injunctive relief. *Inventus Power, Inc. v. Shenzhen Ace Battery Co., Ltd.*, 2020 WL 3960451, at *14 (N.D. Ill. July 13, 2020). Courts also "frequently grant motions for expedited discovery in cases involving trade secrets . . . in litigation between competitors." *Id.*

17. Here, Groupon's request falls squarely within these parameters. Further, Groupon's expedited discovery is limited to the issues addressed in its Emergency Motion for Temporary Restraining Order and its forthcoming Motion for Preliminary Injunction. Groupon's

proposed expedited discovery requests are attached hereto as **Exhibit A**. Groupon also has no objection if Shin seeks his own expedited discovery within the same parameters as Groupon's proposed expedited discovery requests. As a result, good cause exists. *See Inventus Power*, 2020 WL 3960451, at *14 (explaining that good cause exists where the discovery is "mutual, targeted to matters that will be addressed in a preliminary injunction hearing, and not duplicative of investigations that already have been made"); *Nobel Biocare USA, Inc. v. Lynch*, 1999 WL 958501, at *4 (N.D. Ill. Sept. 15, 1999) (granting motion for expedited discovery because it would provide a "fuller record for the court when deciding to issue a preliminary injunction").

18. Groupon specifically requests that the Court enter an order (a) permitting Plaintiff to issue eleven (11) Requests for Production and eight (8) Interrogatories; (b) permitting Plaintiff to take up to three (3) depositions, including Shin; (c) permitting Plaintiff to serve two (2) third party subpoenas on Yelp, requesting production of documents and deposition; (d) requiring Shin and Yelp to respond to Plaintiff's expedited Requests for Production and Interrogatories, as applicable, within ten (10) days of service thereof; (d) requiring Shin to make himself available for deposition within fifteen (15) days after entry of the Court's Order permitting expedited discovery; (e) setting a Hearing on the Motion for Preliminary Injunction within ten (10) days after the close of expedited discovery and/or at the Court's convenience; and (g) granting any other relief this Court deems reasonable and just.

19. In further support of this Motion, Groupon hereby incorporates the grounds set forth in its Verified Complaint and Emergency Motion for Temporary Restraining Order, filed with this Court on November 12, 2021.

**WHEREFORE**, for the foregoing reasons, Groupon respectfully requests this Court grant its Motion for Expedited Discovery, and any other relief this Court deems just and proper.

Dated: November 23, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Kevin M. Cloutier*
　　　　　　　　　　　　　　　　　　　　　　Kevin M. Cloutier (6273805)
　　　　　　　　　　　　　　　　　　　　　　Shawn D. Fabian (6310637)
　　　　　　　　　　　　　　　　　　　　　　**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
　　　　　　　　　　　　　　　　　　　　　　70 W. Madison St., Suite 4800
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　　　　　kcloutier@sheppardmullin.com
　　　　　　　　　　　　　　　　　　　　　　sfabian@sheppardmullin.com
　　　　　　　　　　　　　　　　　　　　　　Tel: (312) 499-6300
　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 499-6301
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Groupon, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on November 23, 2021, a copy of the foregoing was filed with the Court's CM/ECF system, which will serve all counsel of record.

                                        */s/ Kevin M. Cloutier*
                                            Kevin M. Cloutier