# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-06082 ) |
| SUNG SHIN, | ) Honorable Judge Charles P. Kocoras ) ) |
| Defendant. | ) |

### PLAINTIFF'S (EXPEDITED) FIRST SET OF INTERROGATORIES TO DEFENDANT SUNG SHIN

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order, dated _____, Plaintiff Groupon, Inc. ("Groupon" or "Plaintiff"), demands that Defendant Sung Shin ("Shin" or "Defendant") respond to the following expedited Interrogatories in writing and under oath. Pursuant to the Court's Order, dated _____, Defendant shall provide written responses within ten (10) days of service to the offices of Sheppard Mulllin, Richter & Hampton LLP, 70 W. Madison St., 48th Floor, Chicago, IL 60602, attn: Kevin M. Cloutier, kcloutier@sheppardmullin.com.

### DEFINITIONS

The following definitions shall apply to the instructions and Interrogatories below, unless specifically indicated, or otherwise required, by the context of the Interrogatory:

1. The terms "Plaintiff" or "Groupon" mean Groupon, Inc. its agents and employees, and its subsidiaries, affiliates and joint ventures.

2. The term "Yelp" means Yelp, Inc., its subsidiaries and affiliates, and its past or present directors, employees, officers, representatives, agents, attorneys, investigators, or anyone else acting on its behalf.

3. The terms "You," "Your," and "Defendant" means Defendant Sung Shin, and all past and present representatives, agents, attorneys, employees, consultants, advisors, and all other persons acting, or purporting to act, on behalf of Defendant Sung Shin.

4. The term "Communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, e-mail, text, SMS message, instant message, Social Media posting or comment (including, but not limited to, Facebook, Twitter, and LinkedIn), memorandum, interview, conference, meeting, or telephone conversation.

5. The term "Document" is used in its broadest sense and means, without limiting the generality of its meaning, any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, facsimiles, e-mails, text messages, Facebook posts or messages; LinkedIn posts or messages, memoranda, notations, reports, analyses, schedules, calendars, time cards, punch cards, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from

2

which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

6. The term "identify" (with respect to persons) means to give, to the extent known, the persons' full name, present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

7. The term "identify" (with respect to documents) means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

8. "Including" means including but not limited to the referenced subject.

9. "Information" means information of any kind in any form whatsoever.

10. "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

11. The terms "concerning" and "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: consisting, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

12. The use of the singular form of any word includes the plural and vice versa.

13. All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## **GENERAL INSTRUCTIONS**

The following general instructions shall apply to each of the Interrogatories below, unless specifically indicated, or otherwise required, by the context of the Interrogatory:

1. For the purpose of these (Expedited) First Set of Interrogatories, the relevant time period is from April 1, 2021 to the present.

2. The answer to each interrogatory shall include all information within Defendant's possession, direction or control. Where facts set forth in the answers are supplied on information and belief rather than on actual knowledge, so state and identify the source or sources of such information or belief.

3. If an answer is not within the personal knowledge of the person answering the interrogatory, identify each person known to have personal knowledge of the answer provided.

4. In answering each interrogatory, identify the person(s) providing the information necessary to formulate an answer to that interrogatory.

5. If an interrogatory cannot be answered in full due to an incomplete or continuing investigation, so state and answer to the fullest extent possible.

6. If any information or Document described in these interrogatories was, but no longer is, in Defendant's possession, subject to his custody, control or direction, or in existence, state whether:

    1. It is missing or lost;
    2. It has been destroyed;
    3. It has been transferred, voluntarily or involuntarily, to another;
    4. It has been otherwise disposed of; and
    5. In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing the same and the date(s) thereof.

7. For purposes of this and subsequent interrogatories, a singular word includes the plural form of such word and vice-versa as the context of the interrogatory or its answer requires.

8. The terms "and" and "or" shall be construed both conjunctively and disjunctively so as to encompass the broadest possible response.

9. With respect to any Document for which a privilege is being asserted, identify such document by stating (a) the name, title and job or position of the document's author; (b) the name, title and job or position of document's sender; (c) the name, title and job or position of every person who received or saw the document or any of its copies; (d) the date of the document; (e) the physical description of the document, including size, length, types or handwritten, etc.; (f) a brief description of the document's subject matter; (g) the basis for the privilege asserted; and (h) the name, title, and job or position of all persons on whose behalf the privilege is asserted.

10. With respect to any conversation for which a privilege is being asserted, identify by stating (a) when the conversation occurred; (b) where the conversation occurred; (c) the name, title and job or position of each person who was present at or during the conversation, whether or not such conversation was in person or by telephone; (d) a brief description of the conversation's subject matter; and (e) the name, title, and job or position of all persons on whose behalf the privilege is asserted.

11. These interrogatories are continuing in nature as to require supplemental responses if You learn of additional responsive information between the time of initial responses and the time of a preliminary injunction hearing and/or trial pursuant to Rule 26(c).

## INTERROGATORIES

1. Identify Your position at Yelp and describe, in detail, Your compensation (including salary and any incentive or performance based compensation) and all Your job duties and responsibilities, including but not limited to any services You will provide relating to advertising and Yelp's former, current and/or prospective merchants and/or customers.

**ANSWER:**

2. Describe, in detail, all Communications between You and Yelp during the course of Your employment with Groupon, including, but not limited to, dates, times and methods of communication, the persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

3. Describe, in detail, all Communications between You and Yelp relating to Groupon, during the course of, and subsequent to Your, employment with Groupon, and specify the dates, times and methods of communication, the persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

4. Describe, in detail, all Communications between You and any current, former or prospective Groupon merchant and/or customer since You accepted Your position at Yelp, including the Persons involved in the Communications, the date(s) of such Communications, the method(s) of such Communications (including the email address or telephone number used), the substance of the Communications, and any witnesses to the Communications.

**ANSWER:**

5. Describe, in detail, all Communications between You and any other Person relating to Your recruitment to Yelp and/or departure from Groupon, including but not limited to

6

any Communications or discussions regarding the Confidentiality, Intellectual Property, and Restrictive Covenants Agreement You signed on March 17, 2021, and including dates, times and methods of communication, the persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

6. Identify each and every former, current or prospective Groupon merchant and/or customer for whom You and/or Yelp have provided or will provide advertising services, solicited or will solicit advertising business and/or with whom You have communicated since You accepted Your role at Yelp, including the name of each customer, the nature of the services You and/or Yelp provided or will provide, and the date(s) You and/or Yelp provided services or anticipate providing services.

**ANSWER:**

7. Identify any former, current and/or prospective Groupon merchant and/or customer with and/or over whom You will have any responsibility, oversight and/or communication in your position at Yelp and/or for whom You will provide services at Yelp.

**ANSWER:**

8. Identify all Documents and Communications in which You have compared or likened Groupon's online platform, services and/or offerings to Yelp's online platform, services and/or offerings.

**ANSWER:**

Dated: November __, 2021                             Respectfully submitted,

 

*/s/ Kevin M. Cloutier*
Kevin M. Cloutier, Esq. (6273805)
Shawn D. Fabian, Esq. (6310637)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
70 W. Madison St., Suite 4800
Chicago, Illinois 60602
kcloutier@sheppardmullin.com
sfabian@sheppardmullin.com
Tel: (312) 499-6300
Fax: (312) 499-6301
*Attorneys for Plaintiff Groupon, Inc.*

## CERTIFICATE OF SERVICE

I, Kevin M. Cloutier, an attorney, hereby certify that a true and correct copy of the foregoing was served via email and first class mail with proper postage prepaid, this ___ day of November, 2021 to:

Jeffrey L. Taren, Esq.
Miriam N. Geraghty, Esq.
Kinoy, Taren and Geraghty, P.C.
224 South Michigan Avenue, Suite 490
Chicago, Illinois 60604-2505
jtaren@ktglawyer.com
mgeraghty@ktglawyer.com

*/s/ Kevin M. Cloutier*
Counsel for Plaintiff, Groupon, Inc.