# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GROUPON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-06082 |
| v. | ) |
| | ) Honorable Judge Charles P. Kocoras |
| SUNG SHIN, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S (EXPEDITED) FIRST REQUESTS FOR PRODUCTION TO DEFENDANT SUNG SHIN**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Order, dated _____, Plaintiff Groupon, Inc. ("Groupon" or "Plaintiff"), demands that Defendant Sung Shin ("Shin" or "Defendant") produce for inspection and copying at the offices of Sheppard Mulllin, Richter & Hampton LLP, 70 W. Madison St., 48th Floor, Chicago, IL 60602, attn: Kevin M. Cloutier, kcloutier@sheppardmullin.com, within ten (10) days from the date of service of these Requests, the documents and things in his possession, custody, or control that are described below.

**DEFINITIONS**

The following definitions shall apply to the instructions and Requests below, unless specifically indicated, or otherwise required, by the context of the Request:

1.    The terms "Plaintiff" or "Groupon" mean Groupon, Inc. its agents and employees, and its subsidiaries, affiliates and joint ventures.

2.    The term "Yelp" means Yelp, Inc., its subsidiaries and affiliates, and its past or present directors, employees, officers, representatives, agents, attorneys, investigators, or anyone else acting on its behalf.

3. The terms "You," "Your," and "Defendant" means Defendant Sung Shin, and all past and present representatives, agents, attorneys, employees, consultants, advisors, and all other persons acting, or purporting to act, on behalf of Defendant Sung Shin.

4. The terms "Confidential Information" or "Trade Secret" mean any information regarding the business and operations of Groupon, as defined in Section 1 of the Confidentiality, Intellectual Property and Restrictive Covenants Agreement, executed by Shin on March 17, 2021, including but not limited to: Groupon's know-how, business methods, processes, code, databases, algorithms, formulae related to the current, future and proposed products and services of Groupon, and including, without limitation, respective information concerning research, experimental work, development, design details and specifications, engineering, financial information, procurement requirements, business forecasts, sales and advertising, business plans, marketing materials, advertising materials (including but not limited to pitch materials), customer lists, merchant lists, information relating to customers' and advertising merchants' needs, preferences, objectives and objections (current and historic), customers' and advertising merchants' sales histories, customers' and advertising merchants' advertising histories, customers' and advertising merchants' advertising spend (current and historic), customers' and advertising merchants' pricing platforms or structures, customers' and advertising merchants' billing rates, customers' and advertising merchants' contact information, customers' and advertising merchants' contract details or information, customers' and advertising merchants' profitability, or any other information pertaining to Groupon's operations and/or customer and/or advertising merchant relationships. Confidential Information or Trade Secret also includes any information regarding Groupon employees, including but not limited to hiring information, wage rates, salaries, benefits, deployment, performance, and other personal information.

5. The term "Communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, e-mail, text, SMS message, instant message, Social Media posting or comment (including, but not limited to, Facebook, Twitter, and LinkedIn), memorandum, interview, conference, meeting, or telephone conversation.

6. The term "Document" is used in its broadest sense and means, without limiting the generality of its meaning, any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, facsimiles, e-mails, text messages, Facebook posts or messages; LinkedIn posts or messages, memoranda, notations, reports, analyses, schedules, calendars, time cards, punch cards, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

7. The term "identify" (with respect to persons) means to give, to the extent known, the persons' full name, present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

8. The term "identify" (with respect to documents) means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

9. "Including" means including but not limited to the referenced subject.

10. "Information" means information of any kind in any form whatsoever.

11. "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

12. The terms "concerning" and "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: consisting, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

13. The use of the singular form of any word includes the plural and vice versa.

14. All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## **GENERAL INSTRUCTIONS**

The following general instructions shall apply to each of the requests for production below, unless specifically indicated, or otherwise required, by the context of the Request:

4

1.  <u>Continuing Requests</u>. These Requests are continuing ones. If, after producing the requested Documents, Defendant obtains or becomes aware of any further Documents responsive to this Request, Defendant is required to produce to Plaintiff such additional Documents and supplement his responses.

2.  <u>Privileged or Proprietary Matter</u>. In the event that any Document is withheld on the basis of any legal objection or privilege, Defendant shall indicate the following information for each such withheld Document: (a) date of the Document; (b) general character or type of Document (*i.e.*, letter, memorandum, notes of meeting, etc.); (c) identity of the person in possession of the Document; (d) identity of the author of the Document; (e) identity of the original recipient or holder of the Document; (f) relationship of the author, addressee and any other recipient; (g) general subject matter of the Document; and (h) legal basis, including, but not limited to, any legal objection or privilege for withholding the Document.

3.  <u>Lost or Destroyed Documents</u>. If any Document which is the subject of these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such Document as completely as possible, including the following information: (a) type of Document, (b) date of Document, (c) date when the Document became lost, discarded or destroyed, (d) circumstances under which the Document was lost, discarded or destroyed, and (e) identity of all Persons having knowledge of the contents of the Document.

4.  <u>Form of Production</u>. All Documents shall be produced as they are kept in the usual course of business or you shall organize and label them to correspond with the categories in the request. In this connection, and for purposes of illustration, all Documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If you

choose to produce the Document request corresponding with the categories in the Request, you should identify the file folders, drawer or cartons in which the Documents were originally maintained and the Person or Persons in whose custody or control such files are or were maintained.

5. <u>Partial Production</u>. If any of the Documents cannot be produced in full, produce them to the extent possible, stating the reasons for your inability to produce the remainder, stating whatever information, knowledge, or belief you have concerning the unproduced portion.

6. <u>Time Period</u>. The time period covered by these Requests, unless indicated otherwise in a specific request, is April 1, 2021.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications relied upon in responding to Plaintiff's (Expedited) First Set of Interrogatories to Defendant.

2. Any and all Communications and Documents relating to the employment or offers of employment to You from Yelp, including but not limited to any actual, potential, or draft offer letters, job descriptions, employee agreements or contracts, restrictive covenant agreements, personnel files, or any other Document or Communication addressing Your employment or potential employment with Yelp.

3. Any and all Documents and Communications between You and Yelp during Your employment with Groupon, including but not limited to Documents and Communications relating to Your departure from Groupon.

4. All Communications between You and another Person, including but not limited to Yelp, relating to Your Confidentiality, Intellectual Property and Restrictive Covenants Agreement, executed on March 17, 2021.

5. Any and all Documents and/or Communications between You and Yelp relating to the growth, development, or building of any aspect of Yelp's business, including but not limited to its advertising of merchant offerings and the associated metrics, data and/or analyses used and relied upon.

6. All Documents and Communications relating to Your duties and responsibilities for Yelp.

7. Any and all Documents and Communications between You and any other Person, including but not limited to Yelp, relating to any aspect of Groupon's business, including but not limited to its former, current, or prospective merchants and/or customers, advertising of merchant offerings and/or the associated metrics, data and/or analyses used and relied upon.

8. All Documents in Your possession that contain Confidential Information or Trade Secrets of Groupon and/or that are derived directly or indirectly from any Confidential Information or Trade Secrets of Groupon.

9. All cell phones, tablets, or laptops in Your possession, custody or control that You used to communicate with any member, officer, or employee at Yelp, including any recruiting agencies operating on behalf of Yelp.

10. All cell phones or laptops in Your possession, custody or control that You used during Your employment with Groupon, and any data storage devices, including, but not limited to, external hard drives, USBs, and/or other devices that You connected to any Groupon desktop and/or laptop computer while You were employed by Groupon.

11. All Documents that establish You repaid the sign-on bonus to Groupon, including but not limited to checks, wire transfer receipts, tracking numbers.

Dated: November __, 2021

Respectfully submitted,

*/s/ Kevin M. Cloutier*
Kevin M. Cloutier, Esq. (6273805)
Shawn D. Fabian, Esq. (6310637)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
70 W. Madison St., Suite 4800
Chicago, Illinois 60602
kcloutier@sheppardmullin.com
sfabian@sheppardmullin.com
Tel: (312) 499-6300
Fax: (312) 499-6301
*Attorneys for Plaintiff Groupon, Inc.*

y
z

**CERTIFICATE OF SERVICE**

I, Kevin M. Cloutier, an attorney, hereby certify that a true and correct copy of the foregoing was served via email and first class mail with proper postage prepaid, this ___ day of November, 2021 to:

Jeffrey L. Taren, Esq.
Miriam N. Geraghty, Esq.
Kinoy, Taren and Geraghty, P.C.
224 South Michigan Avenue, Suite 490
Chicago, Illinois 60604-2505
jtaren@ktglawyer.com
mgeraghty@ktglawyer.com

                                        */s/ Kevin M. Cloutier*
                                        Counsel for Plaintiff, Groupon, Inc.