# Exhibit C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| GROUPON, INC., <br> *Plaintiff* <br> v. <br> SUNG SHIN, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:21-cv-06082 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Yelp, Inc.
C/O James Daire, Litigation Counsel, Yelp Inc., 140 New Montgomery Street, 9th Floor, San Francisco, CA 94105, jdaire@yelp.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Appendix A.

| Place: Sheppard Mullin Richter & Hampton LLP, C/O Babak Yousefzadeh <br> Four Embarcadero Center <br> Seventeenth Floor <br> San Francisco, CA 94111 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Groupon, Inc. , who issues or requests this subpoena, are:
Kevin M. Cloutier, Esq., Sheppard Mullin Richter & Hampton LLP, 70 W. Madison St., 48th Floor, Chicago, Illinois 60602, kcloutier@sheppardmullin.com; (312) 499-6304

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-06082

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

# DOCUMENT REQUESTS TO YELP, INC.

### Definitions

A. "**Plaintiff**" and "**Groupon**" refer to Groupon, Inc. and includes, without limitation, all parents, subsidiaries, affiliates, divisions, predecessors, successors or assigns, and its and their respective officers, directors, shareholders, partners, members, employees, agents, accountants, advisors, contractors, representatives, and attorneys, and all persons who acted or purported to act on behalf of Groupon.

B. "**Defendant**" and "**Shin**" refer to Sung Shin and his family, heirs, executors, and administrators as well as any corporations, limited liability companies, limited liability partnerships, or other entities owned, in whole or part, or controlled by Shin, any Person acting for or on behalf of or at the request of Shin, or any Person under Shin's authority or control.

C. "**Yelp**" means Yelp, Inc. and includes, without limitation, all parents, subsidiaries, affiliates, divisions, predecessors, successors or assigns, and its and their respective officers, directors, shareholders, partners, members, employees, agents, accountants, advisors, contractors, representatives, and attorneys, and all persons who acted or purported to act on behalf of Yelp.

D. "**Documents**" include, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, produced by hand or by any type of electronic means, specifically including e-mail and text or SMS messages (whether or not ever reduced to a hard copy format), and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; Facebook posts or messages; LinkedIn posts or messages; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; records and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof.

E. "**Communications**" means any exchange or transfer or information whether written, oral, graphic, electronic or in any other form, including metadata.

F. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

G. The terms "**all**" and "**each**" shall both be construed as all and each.

-2-

H. **"Verified Complaint"** refers to the Verified Complaint Plaintiff Groupon, Inc. filed against Defendant Sung Shin in the United States District Court for the Northern District of Illinois on November 12, 2021 captioned *Groupon, Inc. v. Sung Shin*, 21-CV-6082, and attached hereto as <u>Exhibit 1</u>.

I. The use of the singular form of any word includes the plural and vice versa.

J. **The time period covered by these requests, unless indicated otherwise in a specific request, is from April 1, 2021 through the Present**.

<u>Document Requests</u>

1. All Documents and Communications, including but not limited to emails, text messages and/or voicemails, between Yelp and Shin relating to his employment with Groupon.

2. All Documents and Communications, including but not limited to emails, text messages and/or voicemails, between Yelp and Shin relating to Shin's recruitment to and/or application for employment with Yelp.

3. All Documents and Communications, including but not limited to emails, text messages and/or voicemails, between Yelp and Shin relating to Shin's employment and/or prospective employment with Yelp.

4. All Documents and Communications, including but not limited to emails, text messages and/or voicemails, between Yelp and Shin relating to any of the allegations and/or claims in Groupon's Verified Complaint against Shin.

5. All Documents and Communications Yelp provided to Shin with respect to his recruitment to and/or employment with Yelp, including but not limited to, any employment agreements, offer letters and/or restrictive covenant agreements.

6. All Documents and Communications relating to the Lead Product Management position for Yelp's Enterprise and Multi-Location - Yelp Audiences and In-store Measurement Group and/or any other position for which Shin may hold at Yelp.

-3-

7.     All Documents and Communications relating to Shin's position(s) with Yelp and/or his duties and responsibilities and/or prospective duties and responsibilities at Yelp.

8.     All Documents and Communications in Yelp's possession, custody and/or control, from January 1, 2014 through the Present, mentioning, discussing and/or referencing Groupon.

9.     All Documents and Communications in Yelp's possession, custody and/or control, from January 1, 2014 through the Present, comparing Yelp's services and/or offerings to Groupon's services and/or offerings.

10.     All Documents and Communications, from January 1, 2014 through the Present, relating to Yelp's merchant and/or client advertising strategies and methodologies.