IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:21-cv-06082 |
| ) | |
| v. ) | Honorable Judge Charles P. Kocoras |
| ) | |
| SUNG SHIN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO SET A DATE TO CONDUCT A PRELIMINARY INJUNCTION HEARING VIRTUALLY VIA ZOOM**

Now comes the Defendant, Sung Shin, by his attorneys, and hereby moves this Honorable Court to set a date certain for a preliminary injunction hearing in the within case to be conducted remotely via Zoom or other remote platform. In support of this motion, the Defendant states as follows:

1. On November 23, 2021, this Court extended the Temporary Restraining Order entered in the within case that prohibits the Defendant from working for his new employer, Yelp, Inc., pending an evidentiary hearing on a Preliminary Injunction motion.[1] [Docket #27] The Court granted a motion for expedited discovery and informed the parties that the Clerk would be contacting them to schedule a preliminary injunction hearing.

2. On November 30, 2021, the parties jointly notified the Court's clerk by email that they were requesting a preliminary injunction hearing date via remote proceeding. The email notified the clerk that due to Covid-related concerns as well as scheduling conflicts, defense witnesses and counsel were unable to travel by air to Chicago for a hearing on December 16 or 17th – two dates originally requested by the parties.

---

[1] No Preliminary Injunction motion has been filed by the Plaintiff to date.

3. The parties have not heard back from the Clerk and no dates have been set for an evidentiary hearing.

4. The Tenth Amended General Order 20-0012 (February 12, 2021) provides that "All civil hearings, including bench trials, shall be conducted by means of remote telephone or video conference unless an in-person hearing is required by law."

5. In light of new concerns over the Omicron variant of the coronavirus, counsel for Defendant, Jeffrey Taren, who is 69 years old, is extremely hesitant to travel to Chicago by air from his home in Seattle, Washington.

6. The Defendant's primary third-party witnesses are two former and current employees of Yelp, Inc. who are residents of California. They have informed defense counsel that they are unwilling to travel in person to Chicago but will testify via Zoom or other remote platform. The defendant may call a third witness who has also informed counsel that he will not travel due to covid concerns. See Declaration of Jeffrey L. Taren attached hereto as Exhibit A.

7. The Defendant himself is a resident of Washington State. It will create a hardship for him to travel by air to Chicago during this holiday season.

8. Plaintiff's counsel in their email request to the Clerk stated that they have no objections to conducting the preliminary injunction hearing virtually via Zoom or other remote platform.

WHEREFORE, Mr. Shin respectfully requests that this Court grant his Motion to conduct the preliminary injunction hearing via Zoom or other remote platform and set this matter for hearing on a date or dates convenient to the court and the parties.

DATED: December 2, 2021

/s/ Jeffrey L. Taren

-3-

>Jeffrey L. Taren, Illinois BAR#2796821
>MacDONALD HOAGUE & BAYLESS
>705 Second Avenue, Suite 1500
>Seattle, WA 98104
>Phone: (206) 622-1604
>Email:     jeffreyt@mhb.com
>Attorneys for Defendant Sung Shin

ol021105

-4-

**EXHIBIT A**

ol021105

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC. )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SUNG SHIN, )<br>)<br>      Defendant. ) | Case No. 1:21-cv-06082<br><br>Honorable Judge Charles P. Kocoras |

### DECLARATION OF JEFFREY L. TAREN

Jeffrey L. Taren, under the pains and penalties of perjury, does hereby state as follows:

1. My name is Jeffrey L. Taren. I am one of the attorneys representing the Defendant in the within action. I am sixty-nine (69) years old. I reside in Burien, Washington.

2. Though I am fully vaccinated, I am reluctant to travel by air to Chicago for an evidentiary hearing over uncertainties that the vaccine will fully protect persons from the new Omicron variant of the coronavirus, which has now been found in the United States.

3. I have been informed by counsel for Yelp, Inc. that the two witnesses we expect to call to testify in the preliminary injunction hearing are not willing to travel from their homes in California, to Chicago. I have been told by a third potential witness, who lives in Houston, Texas, that he will not travel by air over covid-related concerns.

4. The defendant, Sung Shin, is a resident of the State of Washington who has never worked in Illinois. It would be a hardship for him to travel to Chicago during this holiday season.

5. I have spoken with counsel for the Plaintiff. They are agreeable to conducting a preliminary injunction hearing via Zoom or other remote platform.

SIGNED and SWORN TO
UNDER THE PAINS AND PENALTIES OF PERJURY

*/s/ Jeffrey L. Taren*

ol021105