IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUPON, INC., | ) |
|             Plaintiff, | ) |
| v. | ) Case No. 21-cv-06082 |
| SUNG SHIN, an individual, | ) Honorable Judge Charles P. Kocoras |
|             Defendant. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT 34 – DECLARATION OF UTPAL M. DHOLAKIA**

Plaintiff Groupon, Inc., moves to strike Defendant's submitted Exhibit 34, which is styled as a declaration from Utpal M. Dholakia. A declaration dressed up as a purported expert report is not procedurally proper for a preliminary injunction. This is particularly so given the Court's order on limited discovery. Although Defendant Shin retained Mr. Dholakia as early as December 6, 2021, the report was not disclosed until less than 48 hours before the preliminary injunction hearing. This last-second, untimely disclosure leaves no time for Plaintiff to vet or examine the report and purported opinions. The declaration also does not pass muster on Rule 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–90 (1993), because the opinions within it are not reliable, replicable, nor are they grounded in any sound methodology.

**FACTUAL BACKGROUND**

On November 12, 2021, Groupon filed its complaint in the above-captioned matter contemporaneously with an Emergency Motion for a Temporary Restraining Order. Groupon alleged, among other things, that Defendant Shin misappropriated Groupon's trade secrets. On November 16, 2021, the Court granted Groupon's application and entered a Temporary Restraining Order. On November 23, 2021, the Court held oral argument with respect to the

extension of the Temporary Restraining Order. At the conclusion of oral argument, the Court issued an oral ruling extending the Temporary Restraining Order. The Parties and the Court discussed scheduling a preliminary injunction hearing. The Court and the Parties explicitly agreed to conduct limited discovery by way of two short depositions and limited, targeted written discovery. The Court also set parameters around the hearing itself, limiting it to two witnesses a side. There was no contemplation of expert reports. On December 12, 2021, less than 48 hours before the preliminary injunction hearing, the Parties exchanged exhibit lists. Defendant Shin e-mailed its list of approximately 40 exhibits to Groupon at approximately 8:25 PM CST. Defendant Shin included an exhibit titled "Declaration of Utpal M. Dholakia" as Exhibit 34. Upon examining Exhibit 34, Plaintiff discovered that the document is a 42-page expert report with 42 paragraphs of purported expert opinion. Defendant Shin also attached this declaration to his Opposition to Groupon's Motion for a Preliminary Injunction which was filed late night on December 13, 2021. Defendant did not disclose its retention of Mr. Dholakia, even though the report indicates Defendant Shin retained Mr. Dholakia as early as December 6, 2021.

## ARGUMENT

The Court should strike Mr. Dholakia's last-second, undisclosed and improper expert report because (1) the report is not proper evidence for a preliminary injunction hearing; (2) it was not properly disclosed and thus Plaintiff has not had a chance to evaluate the report or the purported expert; (3) it contravenes the Court's order with respect to limited discovery and introduction of hearing evidence; and (4) it is improper expert opinion.

1. **Mr. Dholakia's Expert Report Is Not Proper Evidence For a Preliminary Injunction Hearing.**

An undisclosed expert report masquerading as a declaration is not proper evidence for a preliminary injunction hearing. The purpose of a preliminary injunction is to preserve the relative

positions of the parties until a trial on the merits can be held. *University of Texas v. Camenisch,* 451 U.S. 390 (1981). Given this narrow and limited purpose, courts typically, as the Court did here, limit the evidentiary record at preliminary injunction hearings to a narrow subset of facts and testimony. This ensures the thoroughness of the record with respect to the central facts at issue. Mr. Dholakia's expert report, which due to its untimeliness cannot be subject to cross-examination or deposition, does not fit into the framework of a preliminary injunction hearing. It is far removed from the factual record and its veracity cannot be ascertained. As such, it is improper at this stage of the proceedings and the Court should strike it.

**2.      Mr. Dholakia's Expert Report Was Not Properly Disclosed And Thus Plaintiff Has Not Had A Chance To Vet The Report Or The Expert.**

Defendant Shin did not properly disclose the expert report. Rule 26 of the Federal Rules of Civil Procedure requires, among other things, the identification of expert witnesses and the requirements for a written expert disclosure. Fed. R. Civ. P. 26(a)(2)(A)&(B). Absent a stipulation or court order, the expert disclosures must be made at least 90 days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D). Once the expert report is provided, the Plaintiff is afforded the right to depose the expert. Fed. R. Civ. P. 26(b)(4)(A). Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless failure was substantially justified or harmless." The Federal Rules explicitly contemplate a fair and just procedure with respect to expert discovery. Indeed, because the expert rules are designed to allow both sides in a case the ability to prepare their cases adequately and prevent surprise, compliance with its requirements are not merely aspirational. *Sherrod v. Lingle,* 223 F.3d 605 (7th Cir. 2000).

Defendant Shin apparently retained Mr. Dholakia at least as early as December 6, 2021. Defendant Shin never informed Groupon of this fact. Defendant Shin never served an expert disclosure upon Groupon. Defendant Shin did not meet and confer with Groupon on expert discovery ahead of the preliminary injunction hearing. Indeed, the first time that Groupon became aware that (1) Defendant Shin had retained an expert and (2) that Defendant Shin would be filing with the Court a 42-page expert report, was on December 12, 2021, at approximately 8:30 PM CST, less than 48 hours before the preliminary injunction hearing. Moreover, the expert report was included in a file of nearly 40 other exhibits and was titled "declaration" rather than expert report. With only a day and a half of time from the "disclosure" to the hearing, Groupon is unable to depose, vet, examine, or otherwise test Mr. Dholakia or his opinions. Further, Groupon is unable to probe Mr. Dholakia on his biases and motives, which is particularly relevant here. Mr. Dholakia was previously retained as an expert witness adverse to Groupon in a different matter. This is exactly the type of prejudice the Federal Rules seeks to avoid. Under these circumstances, striking Mr. Dholakia's expert report is warranted. *J.M. by & through Lewis v. Cirrtendon,* No. 1:18-CV-568, 2018 WL 7080041, at *1 (N.D. Ga. Apr. 10, 2018) (excluding expert opinion at preliminary injunction hearing when there has been no contemplation of expert discovery or disclosures between the parties); *Jindal v. U.S. Dept. of Educ.,* No. Civ. A. 14-534-SDD-RL, 2015 WL 2405950, at *2 (M.D. La. May 18, 2015) (excluding untimely disclosed witness from preliminary injunction hearing because opposing party would be prejudiced when it had not had the opportunity to depose the witness); *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Services North America, L.L.C.,* No. 03-cv-760, 2004 WL 3021842, at *3 (N.D. Ill. Dec. 30, 2004) (holding that Seventh Circuit courts have the power to exclude expert testimony and/or reports if the expert was not disclosed in a timely manner because the tardy disclosure prejudices the other party).

**3.      The Expert Report Contravenes the Court's Order With Respect to Limited Discovery.**

At the conclusion of oral argument to extend the Temporary Restraining Order, the Court and Parties discussed what, if any discovery, the Parties could engage in ahead of the preliminary injunction hearing. The Court ruled that each party could take two short depositions. The Court further ruled that some limited written discovery would be allowed to the extent it was not intrusive. Neither the Parties nor the Court contemplated or discussed expert discovery. Indeed, the Court did not include any mention of expert discovery in its oral ruling on allowable discovery. The Court also did not indicate expert submissions would be permitted at hearing. Despite this, Defendant Shin has signaled his intention to attempt to enter into the preliminary injunction evidentiary record a 42-page expert opinion report. This contravenes the Court's order on limited discovery, both in spirit and in letter, and the Court should strike Mr. Dholakia's expert report.

**4.      Mr. Dholakia's Report is Improper Expert Opinion.**

Mr. Dholakia's declaration is also improper under Rule 702. In evaluating the reliability of an expert opinion, a court should ensure the opinion is "well-grounded in the methods and procedures of science." *Bourelle v. Crown Equip. Corp.,* 220 F.3d 532 (7th Cir. 2000). *Daubert* set forth a nonexclusive list of factors or guideposts for the Court to consider when analyzing an expert's methodology: (1) whether the theory can be and has been verified by scientific testing; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of the theory in the scientific community. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–90 (1993). As the Seventh Circuit observed, the Court's task under *Daubert* is to determine "whether the evidence is genuinely scientific, as distinct from being unscientific speculation." *Cummins v. Lyle Indus.,* 93 F. 3d 362 (7th Cir. 1996).

Mr. Dholakia's opinions fail all of these factors. Mr. Dholakia simply reviewed publicly-available documents and then made conclusions. It is unclear what methodology or process Mr. Dholakia employed other than his own intuition and biases. For example, in paragraph 42 of his expert report, Dholakia opines:

> I also compared the required qualifications in the two job descriptions and found significant differences. The Groupon job description emphasizes "15+ years of business leadership with experience with innovative revenue growth" as the primary qualification requirement whereas Yelp's job description has the primary qualification requirement "10+ years of product management experience, with 7+ years in managing teams, and experience building and scaling teams of 15+ product managers, including product leaders." These primary qualification requirements are different from each other. Where the Groupon job description emphasizes analytical and data interpretation skills, the Yelp job description emphasizes setting product strategy and managing the full product development lifecycle and a product management team. These are substantively different required qualifications and there is little overlap between them. It is therefore my opinion that Group and Yelp job descriptions have very little overlap and are distinctly different from each other.

Mr. Dholakia reviewed two separate job descriptions from two different companies and his opinion is that the job descriptions are different from each other. This is not proper expert opinion. There is nothing here to submit to peer review. There are no standards controls. There is no discussion of reliability. There is no attempt at replication. There is no discussion of obvious alternative explanations. Not one of the factors that the Seventh Circuit utilizes in assessing the reliability of expert opinion favors Defendant Shin. Indeed, Mr. Dholakia's opinions are hunches, educated guesswork, and his own intuition. This is improper and excludable. *Premium Plus Partners, L.P. v. Davis*, 653 F. Supp 2d 855 (N.D. Ill. Aug. 6. 2009) (holding that a proposed expert's reliance on his own intuition rather than on methodologies recognized among scientists would not be proper); *Rowley v. Union Pac. R.R. Co.,* No. 11-CV-46, 2016 U.S. Dist. LEXIS 153391, at *15 (E.D. Wis. Nov. 3, 2016) (expert's "opinion… appears to be, at best, a hunch or

educated guess unsupported by any clear methodology" and is thus inappropriate.).  As such, the Court should strike Mr. Dholakia's expert report.

## CONCLUSION

For the foregoing reasons, Plaintiff Groupon respectfully requests the Court strike Defendant's Exhibit 34- the untimely declaration of Utpal M. Dholakia.

Dated: December 14, 2021

Respectfully submitted,

GROUPON, INC.

By: */s/ Kevin M. Cloutier*
One of Its Attorneys

Kevin M. Cloutier (6273805)
Shawn D. Fabian (6310637)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Tel: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
sfabian@sheppardmullin.com
*Attorneys for Plaintiff Groupon, Inc.*

**CERTIFICATE OF SERVICE**

I, Kevin M. Cloutier, certify that on December 14, 2021, I served a copy of the foregoing on all counsel of record by e-filing the foregoing with the ECF filing system, which distributes filed documents to all counsels of record.

/s/ *Kevin M. Cloutier*
Kevin M. Cloutier (6273805)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Tel: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com