IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GROUPON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-06082 |
| | ) | |
| v. | ) | Honorable Judge Charles P. Kocoras |
| | ) | |
| SUNG SHIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SUNG SHIN'S SUPPLEMENTAL BRIEF**

The Court should apply Washington state law, which renders the post-employment non-compete provision in Groupon's CIPRA[1] void and unenforceable because of where and how it purports to require him to adjudicate his right to work. If the Court applies Illinois law, the result is the same but for a different reason. The non-compete in Groupon's CIPRA is not reasonable and necessary to protect a legitimate Groupon business interest in keeping its alleged "trade secrets" secret; the non-disclosure obligations in Groupon's CIPRA are more than adequate to that task. In addition, under Illinois law the non-compete in Groupon's CIPRA fails for lack of adequate consideration, since the "signing bonus" upon which Groupon relies to support its post-employment non-compete provision is illusory. Shin addresses each issue in turn.

**Washington law.** The non-compete provision in Groupon's CIPRA is void and unenforceable because it compels Shin, a Washington-based employee, to adjudicate out of state and purports to strip him of the benefits of Washington non-compete law.[2] RCW 49.62.050 of the recently enacted Washington Noncompete Act prohibits that outcome:

---

[1] The CIPRA is Plaintiff's Exhibit 18. The unenforceable non-compete provision is in paragraph 13, the exclusive forum selection clause (misleadingly labeled "Governing Law") is in paragraph 23, and the non-disclosure provisions are in paragraph 2.

[2] At the conclusion of last week's hearing, the Court asked if Shin contends that the non-compete provision is void based on Shin's Groupon salary (under a different section of the Act, an employee making less than $100,000/year cannot be bound by a post-employment non-compete). That section is not why this non-compete fails. This non-compete is void and unenforceable because of where and how it requires Shin to adjudicate under RCW 49.62.050, not because Shin made less than $100,000/year at Groupon (he didn't).

> A provision in a noncompetition covenant signed by an employee or independent contractor who is Washington-based is void and unenforceable:
> (1) If the covenant requires the employee or independent contractor to adjudicate a noncompetition covenant outside of this state; and
> (2) To the extent it deprives the employee or independent contractor of the protections or benefits of this chapter.

RCW 49.62.050.[3]

Under similar circumstances earlier this year, a United States District Court in the Western District of Washington held that a non-compete provision that requires a Washington-based employee, like Sung Shin is here, to adjudicate the non-compete agreement out of state is void and unenforceable. *See CVS Pharmacy, Inc. v. Brown,* Case No. C21-306 MJP, 2021 U.S. Dist. LEXIS 49450 at * 3-4 (W.D. Wash., Mar. 16, 2021) ("Washington Noncompete Act renders [plaintiff's] noncompete unenforceable because it requires [defendant] to 'adjudicate a noncompetition covenant outside of' Washington'").[4] In that case, CVS attempted to enforce a 12-month non-compete covenant against Brown, a high-level Washington-based executive—when Brown left CVS, he was the Chief Medical Officer for the Northwest and Mountain regions of the United States—who had spent three years at CVS. Although Brown also had over a decade of pre-CVS employment experience in the relevant industry, CVS sought to prevent Brown from going to work for Cinga, a purported competitor. According to its terms, the

---

[3] Groupon incorrectly contends that both (1) and (2) are required to render the non-compete void and unenforceable. First, as a matter of Washington statutory construction, a semicolon "indicates that matter that follows is not restrictive but supplementary," *Dep't of Labor & Indus. v. Slaugh*, 177 Wash. App. 439, 449, 312 P.3d 676, 680 (2013), denoting components of a list, Washington Code Reviser's "Instructions on Style" (2017) at page 1, Appendix A. Second, Judge Pechman of the Western District of Washington has already ruled that just (1) invalidates a non-compete provision under Washington law. But the Court need not resolve that issue, because the non-compete provision in Groupon's CIPRA does both (1) and (2). Nowhere does the statute limit application of protections (a) through (d) to a subset of employees, let alone to those who are not paid the wage threshold. Indeed, interpreting the statute to mean that would be illogical. If an employee is not paid the wage threshold, then he or she is not subject to a restrictive covenant at all. Thus, for such an employee, there would be no purpose in requiring the employer to give notice of the covenant at the time of hiring or to restrict its duration to 18 months. Similarly, for such an employee there would be no point to requiring that for the covenant to be enforceable in the event of a layoff, the employer must have paid the employee's base wages (known as garden leave) during enforcement of the non-compete. Likewise, nothing in the statute states (or even implies) that the prohibition on out-of-state forum and choice-of-law clauses applies only to employees who have not been paid the wage threshold provision. That too would be illogical.

[4] A copy of the decision is attached as Appendix B.

-2-

agreement containing Brown's non-compete covenant had to be adjudicated in Rhode Island, thousands of miles from Brown's home. The court held that the non-compete covenant in Brown's agreement was therefore unenforceable. *Id.* at *12.

*CVS* is on all fours with the facts and circumstances here. Groupon is attempting to enforce an 18-month non-compete against Shin, a Washington-based executive who spent seven months at Groupon. Shin has over two decades of pre-Groupon experience in product management, and Groupon seeks to prevent him from going to a purported "competitor," Yelp. The non-compete provision in Groupon's CIPRA requires Shin to adjudicate it out-of-state, thousands of miles away in Illinois. It is therefore unenforceable.

Although the Court can stop here, the noncompete provision in Groupon's CIPRA is *also* unenforceable under Washington law because, in purporting to require the application of Illinois law, it deprives Shin of the protections or benefits of the Washington Noncompete Act. Specifically, RCW 49.62.080(2) provides that if a court determines that a noncompetition covenant violates RCW 49.62, the violator must pay the aggrieved worker the greater of their actual damages or a statutory penalty of five thousand dollars, plus reasonable attorney fees, expenses, and costs incurred in the proceeding. Likewise, RCW 49.62.080(3) provides that if a court reforms, rewrites, modifies, or only partially enforces a noncompetition covenant, the party seeking enforcement must pay the aggrieved worker the greater of actual damages or a statutory penalty plus fees. Illinois law does not contain the same provisions, and therefore does not provide the protections or benefits of the Act.[5]

**Illinois law.** If the Court applies Illinois law, the result should be the same but for a different reason: the non-compete in Groupon's CIPRA is not reasonable and necessary to protect a legitimate Groupon business interest.[6] Groupon seeks to preliminarily enjoin Shin from

---

[5] Groupon's noncompete contains a one-way attorneys' fees clause—in favor of Groupon if it can "successfully enforce any portion" of the covenant. Groupon misleadingly inserted that into a clause labeled "Injunctive Relief"—not a clause label "Attorneys' Fees" or any other apt label that would actually give Shin notice of the provision. Plf. Ex. 18.

[6] *See Cambridge Eng'g, Inc. v. Mercury Partners 90 BI, Inc.,* 378 Ill. App. 3d 437, 452, 316 Ill. Dec. 445, 459, 879 N.E.2d 512, 526 (2007) (affirming summary judgment; a non-compete that "purport[s] to

working for Yelp (a non-competitor) "in any capacity." Groupon's evidence during the hearing was focused exclusively on the alleged protectible interest it has in keeping its alleged "trade secret" information secret.[7] But a different section of the CIPRA already fully protects that alleged interest: specifically, Shin's *non-disclosure* obligations in paragraph 2 of the CIPRA. Groupon failed to articulate any coherent theory as to why Shin's purported *non-compete* obligations are *necessary* to protect its alleged trade secrets, because no such theory exists.

Groupon's CIPRA contains activity restrictions against both disclosure and competition (among others). "Activity restrictions, like restrictions on competing or soliciting, should be narrowly tailored to protect only against activities that threaten the employer's interest."[8] The non-disclosure obligations in Groupon's CIPRA provide:

> (2)(b) At all times, both during my employment by Groupon **and after termination of such employment**, I will keep in confidence and trust all Proprietary Information, and, except as necessary to meet Groupon's business needs, I will not: (i) use any Proprietary Information; (ii) directly or indirectly permit a third party to obtain access to any Proprietary Information; or (iii) transmit or disclose any Proprietary Information to any person, concern or entity.
> ***
> (2)(c) All non-disclosure obligations of paragraph 2(b) above shall apply: (i) as to Proprietary Information other than trade secrets, at all times during my employment and *for two (2) years after termination of such employment*; and (ii) *as to trade secrets, for as long as such trade secrets retain their status as a "trade secret" under applicable law*.[9]

Shin's post-employment non-disclosure obligations fully protect Groupon's alleged interests in keeping its supposed trade secrets confidential—indeed, it calls out trade secrets and provides that they are forever non-disclosable for as long as they are trade secrets. Groupon cannot *also*

---

prohibit [former employee] from any activity on behalf of a competitor" is unenforceable as a matter of law).

[7] Keeping trade secret information confidential is a protectable employer interest, but only when the former employee (1) acquired trade secrets or other confidential information through his/her employment and (2) subsequently tried to use it for his/her own benefit. *See Capsonic Grp. v. Swick*, 181 Ill. App. 3d 988, 993, 130 Ill. Dec. 909, 913, 537 N.E.2d 1378, 1382 (1989). While Groupon adduced evidence of the former during the preliminary injunction hearing, no evidence exists as to the latter—yet another reason why the non-compete is unenforceable here.

[8] *Lawrence & Allen v. Cambridge Human Res. Grp.*, 292 Ill. App. 3d 131, 140, 226 Ill. Dec. 331, 339, 685 N.E.2d 434, 442 (1997) (affirming summary judgment that non-compete was overly broad, and thus unenforceable).

[9] Plf. Ex. 18 (emphasis added). "Proprietary Information" is defined in the CIPRA.

19248 ol201105

enforce an 18-month post-employment non-compete in restraint of trade—particularly one that Groupon says applies to working for Yelp in any capacity anywhere in the world—in the name of protecting its alleged trade secrets. Because the non-compete is neither necessary nor narrowly tailored to the protection of Groupon's alleged trade secrets, it is unenforceable.

Even assuming that non-compete *was* necessary and narrowly tailored to protect Groupon's alleged trade secrets (it is neither), it would still be unenforceable for lack of adequate consideration.[10] Groupon argues that the $100,000 sign-on bonus (which Shin had to and did repay because he did not stay at Groupon for at least one year) was adequate. But as this Court has noted, "consideration must constitute a 'bargained-for exchange of *mutual obligations*.'"[11] And by the very terms of Groupon's offer, the sign-on bonus was not a Groupon obligation: it reserved for itself the unfettered right to "modify" the terms of Shin's "bonus opportunity" at any unspecified point "in the future."[12] Groupon's "promise" that Shin could keep his sign-on bonus was illusory, which makes the non-compete unenforceable.

**Conclusion.** Non-compete covenants are anathema to workforce mobility and inhibit economic growth. That is why the Washington Legislature ensures its residents can adjudicate such covenants in their home state, applying home state law. Under Seventh Circuit precedent, Washington's materially greater interest in litigating the matter under RCW 49.62 requires that Washington law govern. *See, e.g.*, *Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 132–33 (7th Cir. 1990). The non-compete in Groupon's CIPRA is illegal under Washington law and cannot survive close scrutiny under Illinois law. Shin respectfully requests that the Court rule it unenforceable.

---

[10] In *Fifield v. Premier Dealer Servs. Inc.*, 993 N.E.2d 938, 373 Ill.Dec. 379 (1st Dist. App. Ill. 2013), the court held that employment at-will alone was insufficient consideration for a post-employment non-compete. Since then, Illinois courts have generally required at least two years of tenure or some form of other financial consideration to support a non-compete. Effective January 1, 2022, amendments to the Illinois Freedom to Work Act have codified that approach.

[11] *Watts v. Advance Transformer Co.*, No. 02 C 4603, 2002 U.S. Dist. LEXIS 19897, at *5 (N.D. Ill. Oct. 17, 2002) (J. Kocoras) (emphasis added; citations omitted).

[12] Plf. Tr. Ex. 19 at 2.

-6-

DATED: December 21, 2021          MacDONALD HOAGUE & BAYLESS

                                                         By: */s/ Jeffrey L. Taren*
                                                                    Jeffrey Taren, Illinois BAR#2796821
                                                                    Jesse Wing, Illinois Bar # 90784355
                                                                    705 Second Avenue, Suite 1500
                                                                    Seattle, WA 98104
                                                                    Phone: (206) 622-1604
                                                                    Email:     jeffreyt@mhb.com
                                                                                              jessew@mhb.com
                                                Attorneys for Defendant, Sung Shin

19248 ol201105